IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, CARPENTERS PENSION FUND OF ILLINOIS, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, UNITED BROTHERHOOD OF CARPENTERS CHECK OFF, <br><br>        Plaintiffs, <br><br>v. <br><br>DIXON GENERAL CONSTRUCTION CONTRACTORS COMPANY, <br><br>        Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No.   20-1219 |

### **COMPLAINT**

NOW COME the plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, DIXON GENERAL CONSTRUCTION CONTRACTORS COMPANY, and allege as follows:

### **Jurisdiction**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2. This court has jurisdiction over this case because federal district courts have

exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

## Venue

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because the Defendant is located and operates its business within the judicial district of the district court for the Central District of Illinois, Peoria division.

## PARTIES

5. Plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund, and Carpenters Pension Fund of Illinois, are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an agreements and declarations of trust, as amended and restated (the "trust agreements").

6. A true and accurate copy of the relevant provisions of the trust agreement for Central Illinois Carpenters Health and Welfare Trust Fund is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference.

7. A true and accurate copy of the relevant provisions of the trust agreement for Carpenters Pension Fund of Illinois is attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference.

8. The remaining plaintiffs are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated; or labor organizations, labor-

management committees, and/or funds established pursuant to a collective bargaining agreement.

9. The Carpenters Pension Fund of Illinois is a collection agent for and authorized to act on behalf of the other named Plaintiffs to collect employer contributions and other amounts owed to these Plaintiffs.

10. Defendant is an Illinois corporation located in Bellevue, Illinois that does business in Illinois.

**Factual Allegations**

11. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters titled "Memorandum of Agreement" and dated January 1, 2019 (a copy of the memorandum of agreement is attached hereto as Exhibit "C" and is fully incorporated herein and made a part hereof by this reference).

12. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters – Southern Region titled "Recognition Agreement and Adoption of all Collective Bargaining Agreements to Which the Chicago Regional Council of Carpenters-Southern Region is a Party" and dated January 1, 2019 (a copy of the recognition agreement is attached hereto as Exhibit "D" and is fully incorporated herein and made a part hereof by this reference).

13. Defendant is a party to a collective bargaining agreement with the Chicago Regional Council of Carpenters titled "Residential Market Recovery Agreement" and dated January 1, 2019 (a copy of the memorandum of agreement is attached hereto as Exhibit "E" and is fully incorporated herein and made a part hereof by this reference).

14. Pursuant to the collective bargaining agreements, defendant is required to report hours worked by its employees and pay contributions to the plaintiffs.

15.     Defendant employs or has employed members of the Chicago Regional Council of Carpenters, including the Southern Region (the "Union"), who are also participants in the employee benefit funds administered by the plaintiffs pursuant to the collective bargaining agreement to which defendant is a party or otherwise bound.

16.     Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiffs under the provisions of the collective bargaining agreements and trust agreements for the period including January 2019 to present.

17.     The collective bargaining agreements bind defendant to the provisions of the trust agreements.

18.     Defendant is required under the collective bargaining agreements and trust agreements to pay contributions to plaintiffs for the hours of bargaining unit work performed by its employees each month.

19.     Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiffs in accordance with the terms and conditions of the trust agreement. *See* 29 U.S.C. §1145.

20.     Defendant is required under the collective bargaining agreements and trust agreements to provide plaintiffs with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

21.     Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiffs by the 15th day of the month following the month in which the hours were worked by defendant's employees.

**COUNT I**
**Accounting / Delinquent Contributions**

1-21.   Plaintiff re-asserts and re-alleges paragraphs 1 through 21 as paragraphs 1 through 21 of count I as if fully set forth herein.

22.   Defendant has failed to provided plaintiffs with remittance reports which detail certain hours worked by defendant's employees over the period of January 2019 through to current.

23.   Contributions are owed to the plaintiffs for the hours worked by its employees over the period of January 2019 through to current.

24.   Defendant has failed to pay plaintiffs the contributions owed for the hours worked by its employees over the period of January 2019 through to current.

25.   Plaintiffs have demanded that defendant pay plaintiff the contributions and other amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

26.   Plaintiffs have demanded that defendant provide plaintiffs with hours reports but defendant has refused or otherwise failed to provide plaintiffs with the hours reports.

27.   Defendant breached the provisions of the collective bargaining agreements and trust agreements by failing to timely report hours worked by its employees and paying the contributions that were owed to the plaintiffs.

28.   Pursuant to the trust agreements, plaintiffs have the right to examine the payroll books and records of the defendant to confirm whether defendant has reported hours worked and gross wages earned by its employees, and to determine whether the defendant has paid plaintiffs all contributions and work dues owed.

29.   Defendant owes plaintiffs contributions for all hours of work performed by its employees for the period of January 2019, to present that defendant did not report to plaintiffs.

30.   Defendant owes plaintiffs work dues on all gross income earned by its employees

for hours of work performed by its employees for the period of January 2019, to present that defendant did not report to plaintiffs.

31.     To the extent unpaid contributions are determined to be owed to plaintiffs under the accounting, defendant breached the provisions of the collective bargaining agreements and trust agreements by underpaying the fringe benefit contributions and work dues that were owed to the plaintiffs for hours of work and gross wages earned by its employees for the period of January 2019, to present.

32.     Pursuant to the terms of the collective bargaining agreements and trust agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A.     That defendant is ordered to provide and/or make available to plaintiffs or its auditor, within 30 days of the date such order is entered, all of defendant's payroll and other business records for the period of January 1, 2019, through a future date determined by plaintiffs or its auditor;

B.     That plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of January 1, 2019, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiffs are entitled to pursuant to the trust agreement, labor agreements and ERISA;

C.     That judgment is entered in favor of plaintiffs and against defendant for all fringe benefit contributions, interest and liquidated damages owed to plaintiffs for the period of January 1, 2019, through a future date including without limitation the ending date of any payroll

compliance audit, as determined by payroll compliance audit or otherwise;

    D.    That defendant be decreed to pay to the plaintiffs all such monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

    E.    That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

    F.    That defendant is decreed to pay all costs attendant to these proceedings;

    G.    That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreements, the trust agreements or as is otherwise just and equitable.

## COUNT II
### Reports / Delinquent Contributions

1-27.    Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as paragraphs 1 through 27 of count II as if fully set forth herein.

28-31.  Plaintiff re-asserts and re-alleges paragraphs 29 through 32 as paragraphs 28 through 31 of count II as if fully set forth herein.

WHEREFORE, plaintiffs pray as follows:

    A.    That defendant is ordered to provide to plaintiffs, within 30 days of the date such order is entered, with complete hours reports for all months that have not been reported to plaintiffs, including without limitation the period of January 1, 2019, to present;

    B.    That plaintiffs are granted leave of Court to file supplemental proofs establishing a revised judgment sum for any contributions and other amounts determined to be due and owing based upon the hours reports defendant is ordered to produce to the plaintiffs;

    C.    That judgment is entered in favor of plaintiffs and against defendant for all fringe

benefit contributions, interest and liquidated damages owed to plaintiffs for the period of January 1, 2019, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

  D. That defendant be decreed to pay to the plaintiffs all such monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

  E. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

  F. That defendant is decreed to pay all costs attendant to these proceedings;

  G. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreements, the trust agreements or as is otherwise just and equitable.

CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND *et al.*, Plaintiffs,

By: s/ John P. Leahy
  JOHN P. LEAHY
  CAVANAGH & O'HARA LLP
  Attorneys for Plaintiffs
  2319 W. Jefferson Street
  Springfield, IL 62702
  (217) 544-1771 – Telephone
  (217) 544-9894 – Facsimile
  johnleahy@cavanagh-ohara.com